# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ROBERT LYTLE, JR.,

              Petitioner,       :      Case No. 2:17-cv-1146

   - vs -                                Chief Judge Edmund A. Sargus, Jr.
                                        Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution

                                    :

              Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 16) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed ("Report," ECF No. 12). Chief Judge Sargus has recommitted the case for reconsideration in light of the Objections (ECF No. 17).

Although Lytle is represented by counsel in this action, the Petition is not filed in the form required by Habeas Rule 2. On its face it has a section labeled "Grounds for Relief" with four paragraphs and then, after a paragraph on exhaustion, another section labeled "Additional Grounds for Relief." Respondent, however, read the Petition as raising four grounds for relief, Petitioner organized his Reply around those four grounds, and the Report followed the same pattern.

The four claims are: Ground One, ineffective assistance of trial counsel for failure to subpoena alibi witnesses; Ground Two, double jeopardy; Ground Three, unconstitutional pre-trial identification, and; Ground Four, improper joinder. The Report recommended dismissing Ground One as procedurally defaulted by Lytle's failing to file a brief on appeal from denial of the petition

for post-conviction relief (Report, ECF No. 12, PageID 1056-60). The Report found the Ohio courts decided Ground Two, the Double Jeopardy claim, on the merits and that their decision was neither contrary to nor an objectively unreasonable application of Supreme Court precedent. Ground Three was found procedurally defaulted because it was not fairly presented to the Ohio courts as a federal constitutional claim, but only as a violation of the relevant Ohio statute, Ohio Revised Code § 2933.83. Ground Four on improper joinder was likewise found procedurally defaulted for lack of fair presentation because it had been argued in state court of appeals as a violation of Ohio evidence rules and any claim that this was caused by ineffective assistance of appellate counsel as barred by a failure to file an ineffective assistance of appellate counsel claim in the Ohio courts at all.

Given what the Report actually did, the structure of the Objections is puzzling. They begin with an eight-page verbatim quotation from the Tenth District Court of Appeals decision. (Objections, ECF No. 16, PageID 1081-89, quoting *State v. Lytle*, 2016-Ohio-3532, 2016 Ohio App. LEXIS 2368 (10th Dist. Jun. 21, 2016).)

Lytle then "objects to the entirety of the Report," stating as an overall objection that "The Report Erroneously Finds that Lytle Has Procedurally Defaulted All Claims" (ECF No. 16, PageID 1080, 1090). As noted above, this is inaccurate. The Report recommends that Grounds One, Three, and Four be found procedurally defaulted in different ways. The Report recommends Ground Two, the Double Jeopardy claim be dismissed on the merits and Lytle makes no objection to that recommendation.

Lytle does make three specific objections which will be considered seriatim.

## 1. "The Report Fails to Address the Fundamentals of *Strickland v. Washington* and its Applicability to Excusing Procedural Default"

Lytle's first objection is that the Report does not properly analyze how ineffective assistance of counsel can act as cause to excuse a procedural default (Objections, ECF No. 16, PageID 1091). Conceding that this claim was not "fully developed in the Petition," Lytle refers the Court to his discussion in the Reply, *id.* at 1092, citing ECF No. 10, PageID 1024. At the cited place in his Reply, Lytle argues he received ineffective assistance of trial counsel when his trial attorney failed to subpoena alibi witnesses. That is his first ground for relief. The Report did not discuss the merits of that claim because it was procedurally defaulted by Lytle's failure to file an appellate brief in post-conviction. (Report, ECF No. 12, PageID 1056.)

Ineffective assistance of counsel will only excuse a procedural default if it happens in a proceeding where the defendant is entitled to counsel under the Sixth Amendment. The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). See also, *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); accord, *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002).

Lytle's Third Claim for Relief is that he was subjected to unconstitutional pre-trial identification. The Report found this claim was procedurally defaulted because it had not been fairly presented to the Tenth District Court of Appeals as a federal constitutional claim, but only as a violation of Ohio Revised Code § 2933.83 (Report, ECF No. 12, PageID 1066). Lytle never claimed in his filings that this failure of fair presentation was the result of ineffective assistance of appellate counsel and furthermore never presented such an ineffective assistance of appellate counsel claim to the Ohio courts. There was no error in the Report's conclusion that this claim

was procedurally defaulted. Even in his Objections, Lytle presents no argument to show how this omission could be excused by ineffective assistance of appellate counsel. That is, it is Petitioner who has failed to argue how *Strickland* applies to this claim.

Lytle's Fourth Claim is that he was denied a fair trial because the trial court refused to sever the trials of his two different bar robbery charges. The Report found this claim also was procedurally defaulted for lack of fair presentation since it was argued to the Tenth District solely as an Ohio Evidence Rules question and by not appealing the claim to the Ohio Supreme Court. (Report, ECF No. 12, PageID 1067-70.) If the failure of fair presentation was the result of ineffective assistance of appellate counsel (a claim Lytle never explicitly makes), then that claim of ineffective assistance of appellate counsel is itself procedurally defaulted because it was never raised in the Ohio courts and must be to be preserved for habeas. *Edwards v. Carpenter*, 529 U.S. 446 (2000).

**2. "The Report Fails to Give Due Deference and Consideration to *Martinez* and *Trevino* and their Respective Application to Lytle"**

Lytle's second objection is that the Report fails to give appropriate deference to the Supreme Court's decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013). The Report points out that the Sixth Circuit, despite many opportunities to do so, has never held that either case applies to the Ohio post-conviction procedure. (Report, ECF No. 12, PageID 1057-58.)

**3. "The Report Recommends the Denial of Relief, Notwithstanding the Fact that Lytle Can Show Valid and Legitimate Reasons for his Procedural Default, in Compliance with *Maupin*."**

In his last objection, Lytle concedes he did not file a brief on appeal from denial of his post-conviction petition and apparently concedes that the requirement to file a brief is a valid state procedural rule (ECF No. 16, PageID 1097). This is the Report's basis for recommending Ground One be dismissed. However, Lytle says, the Tenth District committed "three inexcusable errors" which excuse his default. *Id.*

> First, the court of appeals did not follow its own procedure regarding concurrent jurisdiction of direct appeals and appeals of petitions for post-conviction relief. Second, it mislead [sic] Lytle into believing that not filing a brief would be nonfatal to his post-conviction appeal. Finally, it dismissed his motion for reconsideration on the grounds that he was prosecuting the aforesaid without counsel.

*Id.* The Objections provide no record references to show that these supposed "inexcusable errors" occurred. Which of its own procedures did the Tenth District fail to follow? How did the Tenth District mislead Lytle? What proof is there that it denied the motion for reconsideration on the basis asserted?

The State Court Record as filed shows the Tenth District dismissed Lytle's appeals in Case Nos. 16AP-109 and 16AP-110 for failure to file a brief despite notification from the court. (Journal Entry of Dismissal, ECF No. 4, PageID 288.) In denying reconsideration, the Tenth District noted that Lytle's appeals in Case Nos. 15AP-748 and 15AP-754 had been properly briefed and argued and were pending for determination. *Id.* at PageID 296. Lytle's second motion for reconsideration again referred to the briefing done in the 2015 cases and said nothing about his failure to brief the 2016 cases. *Id.* at PageID 299-300. Later, Lytle filed a motion under Ohio App. R. 26(B) which the Tenth District denied because a 26(B) application is designed to raise only ineffective assistance of appellate counsel claims and Lytle was proceeding without counsel in the 2016 appeals cases. *Id.* at 307-24. None of these materials shows the Tenth District was not following

its own procedures or somehow misled Lytle.

All of the analysis of procedural default in this portion of the Objections speaks only to the default of Ground One for failure to file an appellate brief in post-conviction. Lytle offers no analysis of the procedural default of Grounds Three and Four for failure to fairly present those claims to the state courts as federal constitutional claims.

**Conclusion**

The Objections do not show that the Report contains errors of law or clearly erroneous findings of fact. Accordingly, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 18, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing,

the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).