# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ROBERT LYTLE, JR.,

        Petitioner,   :  Case No. 2:17-cv-1146

- vs -       Chief Judge Edmund A. Sargus, Jr.
      Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution

        :

        Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 21) to the Magistrate Judge's Supplemental Report and Recommendations recommending the Petition be dismissed ("Supplemental Report," ECF No. 18). Chief Judge Sargus has recommitted the case for reconsideration in light of the Objections (ECF No. 22).

Both the original Report and the Supplemental Report analyzed the case in terms of four claims: Ground One, ineffective assistance of trial counsel for failure to subpoena alibi witnesses; Ground Two, double jeopardy; Ground Three, unconstitutional pre-trial identification; and Ground Four, improper joinder.

The Report recommended dismissing Ground One as procedurally defaulted by Lytle's failing to file a brief on appeal from denial of the petition for post-conviction relief (Report, ECF No. 12, PageID 1056-60). The Report found that the Ohio courts decided Ground Two, the Double Jeopardy claim, on the merits, and that their decision was neither contrary to nor an objectively unreasonable application of United States Supreme Court precedent. Ground Three was found to

1

be procedurally defaulted because it was not fairly presented to the Ohio courts as a federal constitutional claim, but only as a violation of the relevant Ohio statute, Ohio Revised Code § 2933.83. Ground Four, improper joinder, was likewise found procedurally defaulted for lack of fair presentation, because it had been argued in the state court of appeals as a violation of Ohio evidence rules. The Report found that any argument that the improper joinder was caused by ineffective assistance of appellate counsel was barred by a failure to file an ineffective assistance of appellate counsel claim in the Ohio courts at all.

Lytle objected (the "First Objections," ECF No. 16) and the Chief Judge recommitted the case (ECF No. 17). The Supplemental Report analyzed make three specific objections that Lytle made and recommended overruling all of them (ECF No. 18). Lytle's most recent Second Objections relate solely to Ground One: ineffective assistance of trial counsel (ECF No. 21, PageID 1115).

**Ground One and the Martinez-Trevino Precedents**

Lytle first criticizes the Supplemental Report for analyzing Ground One as raising only one error of counsel: failure to subpoena alibi witnesses. In fact, Lytle asserts his claim "extends well beyond this limited scope." *Id.* at PageID 1116, citing the Traverse, ECF No. 10, PageID 1024-26; and First Objections, ECF No. 16, PageID 1091-95.

The Traverse asserts ineffective assistance of trial counsel in failing to call **any** of Lytle's witnesses, not just the alibi witnesses (ECF No. 10, PageID 1024). Petitioner then asserts he would have accepted one of the plea offers the State made except for his "understanding that he was going

to trial with an attorney that was going to call the witnesses he had previously promised to subpoena." *Id.* at PageID 1026.

The First Objections, then, assert "[t]he Report fails to address the fundamentals of *Strickland v. Washington* and its applicability to excusing procedural default." (ECF No. 16, PageID 1091, citing 466 U.S. 668 (1984)). Reciting the well-established deficient performance and prejudicial impact prongs of *Strickland,* the First Objections then assert

> [T]he standard regarding post-trial matters is far less clear. Of most importance here is the absence of counsel and what impact, if any, it may have in kindling the proposition that it excuses procedural default. This is, of course because, the Supreme Court has established that circumstances exist that automatically ignite the fundamental protections highlighted by *Strickland*. "In certain Sixth Amendment Contexts, prejudice is presumed. Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Id.*[1]
>
> If this is truly the case, then Lytle has met the cause and prejudice standard as it relates to his post-conviction claim of ineffective assistance of trial counsel.

*Id.*, PageID 1092. With all due respect, this portion of *Strickland* says nothing about ineffective assistance in post-conviction proceedings.

In general, ineffective assistance of counsel will excuse a procedural default only when the ineffective assistance (or total lack of counsel) occurs in a proceeding in which one is constitutionally entitled to counsel (Supplemental Report, ECF No. 18, PageID 1105). That constitutional entitlement is limited to pre-trial and trial proceedings in a criminal case where the defendant faces any possible incarceration sentence, and on direct appeal of right from any conviction in such a proceeding. To put the matter negatively, a criminal defendant is not constitutionally entitled to counsel on discretionary direct appeal to a state supreme court, or in

---

[1] The last citation, to which this *Id.* presumably relates, is to *Strickland,* 466 U.S. at 694.

post-conviction collateral attacks on a criminal judgment, *e.g.*, a petition for post-conviction relief under Ohio Revised Code § 2953.21 or an application for reopening under Ohio R. App. P. 26(B).

In his Second Objections, Lytle argues he can overcome his procedural default by relying on *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013) (Second Objections, ECF No. 21, PageID 1116-21). The Report noted that the Sixth Circuit has refused on many occasions to decide that *Martinez* and *Trevino* apply to the Ohio post-conviction system (ECF No. 12, PageID 1057-58). The Supplemental Report reiterated this point (ECF No. 18, PageID 1106).

In his Second Objections, Lytle argues that, in determining whether *Martinez* and *Trevino* excuse a procedural default, "the federal judiciary must apply a case-by-case analysis and approach. . . as opposed to declaring an entire state's criminal adjudicatory system void[.]" (ECF No. 21, PageID 1119-20). But Lytle cites to no language in *Martinez* or *Trevino*, or any of the Sixth Circuit cases applying those precedents, which authorizes, much less requires, District Courts to apply *Martinez* or *Trevino* on a "case-by-case" basis. In *Martinez* itself, the Supreme Court applied its newly-created exception to the *Coleman*[2] procedural default doctrine on a statewide basis, to wit, to all Arizona post-conviction challenges. 566 U.S. at 9. In *Trevino*, the Court extended the *Martinez* analysis to the entire Texas post-conviction system, which was analytically but not functionally different from that of Arizona. 569 U.S. at 429.

In *McGuire v. Warden*, 738 F.3d 741 (6th Cir., 2013) (Rogers, J.), a capital habeas corpus case appealed from this Court, the Sixth Circuit analyzed the possible applicability of Martinez and Trevino on a statewide basis:

> Thus, Ohio law suggests two different ways to look at *Trevino*. On the one hand, certain claims can for practical purposes only be brought in an initial-review collateral attack in a post-conviction

---

[2] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

> petition. And *Trevino* recognized that a "meaningful opportunity to present a claim of ineffective assistance of trial counsel" includes "the need to expand the trial court record." 133 S. Ct. at 1921. Ohio courts recognize that claims requiring evidence outside the record may only be meaningfully litigated in post-conviction proceedings and may loosen ordinary res judicata principles in such cases: "although ineffective assistance of counsel ordinarily should be raised on direct appeal, res judicata does not bar a defendant from raising this issue in a petition for postconviction relief if the claim is based on evidence outside the record[,] . . . even when the issue of ineffective assistance of counsel was raised on direct appeal." *State v. Richmond*, 2012-Ohio-2511, No. 97616, 2012 WL 2047991, at *1 (Ohio Ct. App. 2012) (citing *State v. Smith*, 17 Ohio St. 3d 98, 17 Ohio B. 219, 477 N.E.2d 1128, 1131 n.1 (Ohio 1985)). Thus, in Ohio, if ineffective assistance cases are divided into two categories, one could argue that the category requiring evidence outside the record must be brought on collateral review in order for review to be meaningful.
>
> On the other hand, in the "ordinary" case, "ineffective assistance of counsel at mitigation, just like ineffective assistance at trial, is an issue that can be brought on direct appeal," *State v. Combs*, 100 Ohio App. 3d 90, 652 N.E.2d 205, 212 (Ohio Ct. App. 1994) (collecting cases), with a constitutionally required appellate attorney, *see Franklin v. Anderson*, 434 F.3d 412, 428 (6th Cir. 2006) (citing *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985)); *see also State v. Davis*, 119 Ohio St. 3d 422, 2008 Ohio 4608, 894 N.E.2d 1221, 1226 (Ohio 2008); Ohio R. App. P. 26(B). Indeed, such a claim was raised on McGuire's direct appeal, and was treated thoughtfully by the Supreme Court of Ohio on discretionary review, albeit as part of an ineffective assistance of appellate counsel claim. Arguably, then, the review of trial counsel ineffectiveness claims in Ohio is more "meaningful" than in Texas, because in Ohio there is "ordinarily" the availability of direct review with constitutionally required counsel, with the back-up of collateral attack where evidence outside the record is required. All of this shows that the application of *Trevino* to Ohio ineffective-assistance claims is neither obvious nor inevitable.

*Id.* at 751-52. There is no suggestion in McGuire that applicability can or should be decided on a case-by-case basis. In contrast to Ohio, the Sixth Circuit has held the *Martinez/Trevino* exception applies in statewide in Kentucky, *Woolbright v. Crews*, 791 F.3d 628 (6th Cir. 2015), and in Tennessee. *Sutton v. Carpenter,* 745 F.3d 787, 789 (6th Cir. 2014).

5

Lytle argues the Sixth Circuit is "itself unclear as to whether *Martinez* and *Trevino* apply to Ohio," citing the contrast between *Moore v. Mitchell*, 708 F.3d 760 (6th Cir. 2013), where the court held *Martinez* was not applicable in Ohio, with a later decision in the same case reported at 848 F.3d 774 (6th Cir. 2017), holding it was unclear whether *Trevino* applied in Ohio (Second Objections, ECF No. 21, Page ID 1120). But the first opinion in *Moore* could not have considered *Trevino*, because *Moore* was decided in February 2013 and *Trevino* not until May. Moreover, Ohio is quite different from Arizona in that it does not mandate that all ineffective assistance of trial counsel claims be raised in post-conviction. In fact, it mandates that all ineffective assistance of trial counsel claims which can be raised on direct appeal must be raised there. *State v. Dehler*, 73 Ohio St. 3d 307 (1995) (per curiam); *State v. Colombo*, 73 Ohio St. 3d 306 (1995) (per curiam); *State v. Perry*, 10 Ohio St. 2d 175 (1967). Martinez alone would never have applied to Ohio.

**Even if *Martinez* and *Trevino* Applied in Ohio**

In the States where they apply, *Martinez* and *Trevino* recognize an exception to procedural default of a substantial ineffective assistance of trial counsel claim if it is caused by denial of or ineffective assistance by post-conviction counsel. But that is not the procedural default Lytle committed. He defaulted his ineffective assistance of trial counsel claim by not properly appealing from denial of post-conviction relief. As the original Report noted,

> The relevant state court rule here is that one who files an appeal must brief the assignments of error he wants the court of appeals to consider. Without question, Lytle failed to file a brief on appeal from denial of his post-conviction petition and the Tenth District held that failure against him.

(ECF No. 12, PageID 1056). *Martinez* and *Trevino* do not speak to effective assistance issues on

6

appeal in post-conviction. In fact, the Sixth Circuit has expressly held that *Martinez* does not apply to ineffective assistance of appellate counsel on appeal from denial of post-conviction relief. *West v. Carpenter,* 790 F.3d 693, 698 (6th Cir. 2015), citing *Wallace v. Sexton*, No. 13-5331, 570 F. App'x 443, 453 (6th Cir. 2014); *Stojetz v. Ishee*, No. 2:04-cv-263, 2014 U.S. Dist. LEXIS 137501, *310 (S.D. Ohio Sept. 24, 2014) (Frost, J.), citing *Martinez*, 132 S. Ct. at 1230.

**Certificate of Appealability**

The Report and Supplemental Report both recommend denial of a certificate of appealability because reasonable jurists would not disagree with dismissal of the case on the bases recommended. The Second Objections equates this proposed finding with saying "that the Sixth Circuit contains no reasonable jurists." (Second Objections, ECF No. 21, PageID 1120.) Not so. It is certainly reasonable to assert that *Trevino* should apply to the Ohio post-conviction system. But reasonable jurists would not disagree with the historical fact that the Sixth Circuit has not yet decided it applies, despite many opportunities to do so.

**Conclusion**

It is again respectfully recommended that the Petition herein be dismissed with prejudice, that the Petitioner be denied a certificate of appealability, and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous.

November 6, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).