IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT LYTLE, JR.,**

    Petitioner,

v.

**TIM BUCHANAN, WARDEN,
NOBLE CORRECTIONAL INSTITUTION,**

    Respondent.

CASE NO. 2:17-CV-1146
CHIEF JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MICHAEL R. MERZ

## OPINION AND ORDER

On November 6, 2018, the Magistrate Judge issued a Second Supplemental Report and Recommendation recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 be dismissed. (ECF No. 23.) Petitioner has filed an Amended Objection to the Second Supplemental Report and Recommendation. (ECF No. 29.)[1] Pursuant to 28 U.S.C. 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's objections (ECF Nos. 16, 21), and Amended Objection (ECF No. 29) are **OVERRULED**. The Report and Recommendation, Supplemental Report and Recommendation, and Second Supplemental Report and Recommendation (ECF Nos. 12, 18, 23) are **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner now again objects to the Magistrate Judge's recommendation of dismissal of his claim of the denial of the effective assistance of trial counsel based on his attorney's failure to call defense witnesses as procedurally defaulted. He again argues that, applying *Martinez v.*

---

[1] Petitioner filed an Amended Objection to correct a typographical error contained in the initial Objection to the Magistrate Judge's Report and Recommendation. (See ECF No. 29, PAGEID # 1154.)

*Ryan*, 556 U.S. 1, 13 (2012), and *Trevino v. Thaler*, 569 U.S. 413, 424-25 (2013), he has established cause for his procedural default in failing to file an appellate brief in post conviction proceedings. He maintains that none of the holdings of the Sixth Circuit suggest otherwise.

This argument fails. Petitioner's procedural default of his claim of the denial of the effective assistance of trial counsel does not lie in the initial collateral review proceedings, but in the post conviction appeal. As noted by the Magistrate Judge, the Sixth Circuit has expressly held that *Martinez* thus does not apply to those proceedings, "because those proceedings are not the 'first occasion' at which an inmate could meaningfully raise an ineffective-assistance-of-trial-counsel claim." *Onunwor v. Moore*, 655 F. App'x 369, 375 (6th Cir. 2016) (citing *Atkins v. Holloway*, 792 F.3d 654, 661 (6th Cir. 2015) (quoting *West v. Carpenter*, 790 F.3d 693, 698 (6th Cir. 2015); *Williams v. Mitchell*, 792 F.3d 606, 615 (6th Cir. 2015).

Therefore, and for the reasons previously well detailed in the Magistrate Judge's Report and Recommendation, Supplemental Report and Recommendation, and Second Supplemental Report and Recommendation (ECF Nos. 12, 18, 23), Petitioner's objections (ECF Nos. 16, 21) and Amended Objection (ECF No. 29) are **OVERRULED**. The Report and Recommendation, Supplemental Report and Recommendation, and Second Supplemental Report and Recommendation (ECF Nos. 12, 18, 23) are **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court now considers whether to issue a certificate of appealability. See 28 U.S.C. § 2255(d). When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a

constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

This Court is not persuaded that reasonable jurists would debate this Court's dismissal of this action. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED**.

**IT IS SO ORDERED.**

5-25-2019
EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**