# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ROBERT LYTLE, JR.,

                Petitioner,      :      Case No. 2:17-cv-1146

   - vs -                                  Chief Judge Edmund A. Sargus, Jr.
                                           Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution

                                           :

                Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO AMEND FINDINGS AND JUDGMENT

This habeas corpus was dismissed May 25, 2019, and is before the Court on Petitioner's Motion to Amend Findings and Judgment (ECF No. 33). The Warden opposes the Motion (ECF No. 34) and Petitioner has, through counsel, filed a Reply in support (ECF No. 35). As a post-judgment motion, this matter is deemed referred under 28 U.S.C. § 663(b)(3) and requires a report and recommendations.

The Motion is made under Fed.R.Civ.P. 52(b) which permits such a motion within twenty-eight days of judgment.

Lytle argues the Court has not made a finding on "whether or not Lytle's first meaningful opportunity to raise his ineffective assistance of [trial] counsel claim was, in fact, his direct appeal." (Motion, ECF No. 33, PageID 1174.) Lytle asserts this is the "bedrock principle" behind the *Martinez v. Ryan*, 566 U.S. 1 (2013), and *Trevino v. Thaler*, 569 U.S. 413 (2013), exception to the procedural default doctrine of *Coleman v. Thompson,* 501 U.S. 722 (1991). Lytle

1

acknowledges that the Sixth Circuit has never held *Martinez* and *Trevino* applicable to Ohio, but he cites cases from other states within the Sixth Circuit where, having held they are applicable, the circuit court has remanded for a more complete record on the issue which underlies applicability, to wit, is post-conviction the first opportunity a defendant has in a particular State to raise an ineffective assistance of trial counsel claim?

Having made that assertion, however, Lytle points to no record facts which suggest a finding one way or the other.

To recur to fundamentals, Ohio requires that any claim of ineffective assistance of trial counsel which can be raised and decided on the direct appeal record must be raised on direct appeal or be barred by *res judicata. State v. Perry,* 10 Ohio St. 2d 175 (1967). On the other hand, an ineffective assistance of trial counsel claim which depends on evidence outside the appellate record must be brought in post-conviction. "[P]resentation of competent, relevant, and material evidence *dehors* the record may defeat the application of *res judicata*." *State v. Lawson*, 103 Ohio App. 3d 307 (12th Dist. 1995).

In his Petition for Post-Conviction Relief, Lytle asserted none of his post-conviction claims could fairly have been decided on direct appeal (State Court Record, ECF No. 4, PageID 227). He claims he rejected a plea agreement "because . . . Mark Collins led this Defendant to believe that Alibi Witnesses would be subpoenaed to come to court to testify with respects [sic] to the Robbery count in Case No 2014CR1663, I was home with my mom. (See Sworn Alibi Affidavits). *Id.* at PageID 231. As he actually pleaded his First Ground for Post-Conviction Relief, it read:

> THE DEFENDANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WAS VIOLATED ON GROUNDS THAT DEFENSE COUNSEL MISTAKENLY FAILED TO RE-SUBPOENA DEFENSE WITNESSES AND FAILED TO FILE A NOTICE OF ALIBI

DEFENSE, AS REQUIRED BY CRIM R. 12.1. DEFENDANT
WAS DENIED A FAIR TRIAL.

*Id.* at PageID 232. Whether or not witnesses were re-subpoenaed or a notice of alibi was filed is a question that could be decided on the direct appeal record. Whether such failures constituted ineffective assistance of trial counsel could possibly have depended, however, on additional evidence outside the direct appeal record, particularly what the alibi witnesses would have testified to. Lytle's principal alibi witness was his mother, Tara Truax, who was subpoenaed for the first setting of the trial, but not re-subpoenaed. *Id.* at PageID 234. She provided an affidavit giving Lytle an alibi for the time of the first robbery. (See Affidavit at ECF No. 4, PageID 254-55.)

The trial judge denied the post-conviction petition in the following language:

> The Defendant's Motion is DENIED. For all the reasons set forth in the prosecutor's response, including but not limited to the doctrine of res judicata. Furthermore, the transcript of the proceedings completely refutes Defendant's claims of ineffective assistance of counsel.
>
> The Motion is DENIED in its entirety.

(Entry, State Court Record, ECF No. 4, PageID 269.) Thus, to determine the judge's reasons for denying relief, one must look to the prosecution's brief, *id.* at PageID 256 *et seq*.

The prosecutor shows by record reference that Lytle rejected the plea offer against the advice of counsel, as opposed to counsel's supposedly representing that he would call alibi witnesses. The prosecutor also shows that Lytle's claim of ineffective assistance of trial counsel is refuted by the record: trial counsel refused to re-subpoena Lytle's list of witnesses because he did not feel comfortable putting them on the stand after he interviewed them. That phrase – "did not feel comfortable" -- is a euphemism by which a trial attorney often advises a court that he cannot ethically present a witness without disclosing attorney-client confidences, particularly if the witnesses would have perjured themselves.

3

Thus, the appellate court had before it on direct appeal a record upon which it could have found that Lytle's ineffective assistance of trial counsel claim was meritless: the trial attorney stated on the record his reason for not re-subpoenaing witnesses and it was not because he forgot to do so. In this case, application of *res judicata* in post-conviction was proper under Ohio law because the ineffective assistance of trial counsel claim could have been decided on the appellate record.

Fed.R.Civ.P. 52(b) permits but does not mandate amended findings; decision on the motion is committed to the trial court's sound discretion. Wright and Miller, Federal Practice and Procedure: Civil 3d, § 2582. Although Respondent opposes the Motion, the Magistrate Judge perceives no prejudice to Respondent in doing so. In particular, the Magistrate Judge does not recommend a finding on whether *Martinez* and *Trevino* apply in Ohio because he believes that is a matter reserved to the circuit court in the first instance. However, amended findings are potentially relevant to that question.

Accordingly, it is respectfully recommended that the Court's Opinion and Order Adopting the Reports and Recommendations be AMENDED by adding the finding that Petitioner Lytle had a meaningful opportunity to raise his ineffective assistance of trial counsel claim on direct appeal and was in fact required to do so under Ohio law.

August 5, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).