**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

ROBERT LYTLE, JR.,

                  Petitioner,             :     Case No. 2:17-cv-1146

     - vs -                          Chief Judge Edmund A. Sargus, Jr.
                                         Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution

                              :
                  Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION TO AMEND FINDINGS AND JUDGMENT

      This habeas corpus action under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections ("Objections," ECF No. 37) to the Magistrate Judge's Report and Recommendations on Petitioner's Motion to Findings and Judgment ("Report," ECF No. 36). Chief Judge Sargus has recommitted the case for reconsideration in light of the Objections (ECF No. 38).

      The Report recommended "that the Court's Opinion and Order Adopting the Reports and Recommendations be AMENDED by adding the finding that Petitioner Lytle had a meaningful opportunity to raise his ineffective assistance of trial counsel claim on direct appeal and was in fact required to do so under Ohio law." (ECF No. 36, PageID 1192).

      The Report found that the Motion (ECF No. 33) was timely and within the Court's authority to grant and Respondent has not objected to that conclusion[1]. Petitioner accepts "the

---

[1] The time to object under Fed.R.Civ.P. 72(b) expired August 19, 2019. Only Petitioner filed Objections within that time.

Report's recitation of Ohio law concerning the basic and fundamental procedure for prosecuting a claim of ineffective assistance of trial counsel." (Objections, ECF No. 37, PageID 1195). However, Petitioner objects that the Report "assumes facts not in evidence and utilizes the same to base its recommendations." *Id.*

Petitioner is correct that the constitutional right to appointed counsel in non-capital criminal cases extends only to any appeal of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). *A fortiori,* there is no right to appointed counsel to prosecute a petition for post-conviction relief under Ohio Revised Code § 2953.21; a post-conviction petitioner must proceed *pro se*, retain counsel, or obtain the services of an attorney who does not require compensation from the client[2]. The Objections complain that the Report does not address "this uncontested fact," but do not suggest what significance this fact has. (ECF No. 37, PageID 1196). Petitioner cites no case in which the Sixth Circuit or the Supreme Court has held this fact means state post-conviction process can be ignored.

The Report points out the mandated split in Ohio for raising constitutional claims after conviction: claims which can be raised on direct appeal must be raised there or be barred from later consideration by *res judicata;* that has been the law in Ohio for more than fifty years. *State v. Perry*, 10 Ohio St. 2d 175 (1967) claims which depend on evidence *dehors* the record must be brought in post-conviction, because there is no mechanism for supplementing the record on appeal. *State v. Lawson*, 103 Ohio App. 3d 307 (12th Dist. 1995).

The Report found that Lytle's claims of ineffective assistance of trial counsel could have been brought on direct appeal was supported by his trial attorney's statement. The Objections

---

[2] The Court has adjudicated a number of non-capital habeas corpus cases in which the Petitioner had been represented by the Ohio Public Defender in post-conviction proceedings.

accuse the Report of improperly accepting the truth of the statement (Objections, ECF No. 37, PageID 1196).

As the Report notes, the Common Pleas judge in denying the Petition for Post-Conviction Relief, accepted the reasons given by the prosecutor (Entry, State Court Record, ECF 4, PageID 269). The prosecutor in turn gave specific transcript references to defense counsel's statements about why he had not re-subpoenaed Lytle's proposed witnesses. The Objections suggest the Report is wrong in believing defense counsel even interviewed the witnesses, but again the record reflects that defense counsel had interviewed at least one of the witnesses and gave content-based reasons why he did not call the witness (State's Answer to Defendant's Post-Conviction Petition, State Court Record, ECF No. 4, Ex. 22, PageID 257-58.) Is it possible this was an elaborate lie by defense counsel to cover his malpractice? Perhaps, but the Common Pleas judge, the same judge who tried the case and heard defense counsel's representations in open court, accepted the truth of those representations and concluded that the ineffective assistance of trial counsel claim in post-conviction was barred by *res judicata*. Habeas corpus jurisprudence, at least since adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), does not allow us to be infinitely skeptical of state court fact finding.

Lytle claims that there is sufficient evidence in the State Court Record that was not in the direct appeal record "to support the contention that Lytle's only viable path to bring his [ineffective assistance of trial counsel] claim was to do so by and through his first petition for post-conviction relief, . . . Under Ohio law, however, he was forced to do so *pro se*." Not so. Rather, he was not entitled to appointed counsel. But he does not have appointed counsel now and the basis on which present counsel were employed is not disclosed. It would have been unconstitutional to force Lytle to proceed *pro se* in post-conviction, but that did not happened here.

In attempting to show there was "sufficient evidence," the Objections refer several times to Exhibit 36 in the State Court Record (ECF No. 37, PageID 1197). The document in question is Lytle's "Nunc Pro Tunc Supplement," filed in Franklin County Common Pleas Case Nos. 2014-CR-378 and 1663 on September 20, 2016 (State Court Record, ECF No. 4, PageID 325). This was more than nine months after the post-conviction petition was denied. *Id.* at Ex. 23, PageID 269. It was more than four months after Lytle's appeal from denial of post-conviction was dismissed. *Id.* at Ex. 29, PageID 288. It is unclear from the record what Exhibit 36 and the forty-seven attached exhibits were filed in support of. Because Lytle had already lost his first post-conviction petition and forfeited his appeal, these documents could only have been considered on a second-or-successive petition under Ohio Revised Code § 2953.21, but Ohio law places firm, even jurisdictional, limits on such petitions. In any event, none of them were filed as attachments to the original post-conviction petition which is supported only by Lytle's Affidavit of Verity appended to the Petition (State Court Record, ECF No. 4, PageID 248). The Common Pleas Court cannot be faulted for not considering evidence that was not placed of record until more than nine months after it acted.

**Conclusion**

Having reconsidered the Report in light of the Objections, the Magistrate Judge again respectfully repeats his original recommendation that the Court's Opinion and Order Adopting the Reports and Recommendations be AMENDED by adding the finding that Petitioner Lytle had a meaningful opportunity to raise his ineffective assistance of trial counsel claim on direct appeal

and was in fact required to do so under Ohio law.

August 22, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).