# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ROBERT LYTLE, JR.,**

    Petitioner,

v.

**TIM BUCHANAN, WARDEN,**
**NOBLE CORRECTIONAL INSTITUTION,**

    Respondent.

**CASE NO. 2:17-CV-1146**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Michael R. Merz**

## OPINION AND ORDER

On May 29, 2019, the Court issued Judgment dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 32.) On June 26, 2019, Petitioner filed a Motion to Amend pursuant to Rule 52(b) of the Federal Rules of Civil Procedure. (ECF No. 33.) As a result, on August 5, 2019, the Magistrate Judge issued a Report and Recommendation recommending that the Court's Opinion and Order be amended by adding the finding that Petitioner had a meaningful opportunity to raise his ineffective assistance of trial counsel claim on direct appeal and that Ohio law required him to do so. (ECF No. 36.) Petitioner filed an Objection to that recommendation. (ECF No. 37.) On August 22, 2019, the Magistrate Judge issued a Supplemental Report and Recommendation making the same recommendation. (ECF No. 39.) Petitioner has filed an Objection to the Supplemental Report and Recommendation. (ECF No. 40.)

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Petitioner's objections (ECF No. 37, 40) are **OVERRULED**. The Report and Recommendation (ECF No. 36) and Supplemental Report and Recommendation (ECF No. 39) are **ADOPTED** and **AFFIRMED**. The Motion to Amend (ECF No. 30) is **GRANTED** to the extent that this Court's

May 29, 2019, Opinion and Order will be amended to include a finding that Petitioner had a meaningful opportunity to raise his ineffective assistance of trial counsel claim on direct appeal and that Ohio law required him to do so.

Petitioner challenges his convictions after a jury trial in the Franklin County Court of Common Pleas on three counts of robbery. He asserts, *inter alia*, that he was denied the effective assistance of counsel because his attorney failed to file a notice of alibi or present alibi or other defense witnesses. He states that he would have accepted the government's plea offer and would not have proceeded to trial, had he known that his attorney would not be presenting testimony from certain defense witnesses. However, Petitioner did not raise this claim on direct appeal, where he was represented by new counsel. He raised his claim of ineffective assistance of trial counsel in the first instance in state post conviction proceedings. The trial court denied the post conviction petition, adopting the prosecution's response and stating that the trial transcript refuted Petitioner's claim and it was barred under Ohio's doctrine of *res judicata*. (ECF No. 4, PAGEID # 269.) Petitioner filed a timely appeal, but the state appellate court dismissed the appeal based on his failure to file an appellate brief. This Court therefore dismissed Petitioner's claim of ineffective assistance of trial counsel as procedurally defaulted. Petitioner now seeks amendment of this Court's final order of dismissal to indicate that state post conviction proceedings, where he was forced to proceed without the representation of counsel, offered him the first meaningful opportunity to raise his claim of ineffective assistance of trial counsel. He objects to the Magistrate Judge's recommendation that the Court's May 29, 2019 Opinion and Order instead be amended to indicate this claim would properly have been raised on direct appeal. Petitioner states that he is indigent and complains that he was denied the effective assistance of counsel during state post conviction proceedings.

2

This issue -- whether Petitioner could have raised his claim of ineffective assistance of trial counsel on direct appeal – or whether this claim was an off-the-record issue that properly would be raised in the first instance in a state post conviction petition – does not affect the basis for Petitioner's underlying procedural default in these proceedings. As previously discussed, Petitioner procedurally defaulted his claim of ineffective assistance of trial counsel by failing to file an appellate brief. (ECF No. 4, PAGEID # 288.) Thus, *Martinez v. Ryan*, 566 U.S. 1, 17 (2012), ("[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."), referred to by the Petitioner, does not assist him here.

> The Supreme Court explicitly stated in *Martinez*
>
> that its holding did not extend to "appeals from initial-review collateral proceedings." 132 S.Ct. at 1320. Accordingly, [the Sixth Circuit] has held that "the *Martinez–Trevino* exception does not extend to attorney error at post-conviction appellate proceedings because those proceedings are not the 'first occasion' at which an inmate could meaningfully raise an ineffective-assistance-of-trial-counsel claim." *Atkins*, 792 F.3d at 661 (quoting *West v. Carpenter*, 790 F.3d 693, 698 (6th Cir. 2015)) (emphasis in original); *see also Williams v. Mitchell*, 792 F.3d 606, 615 (6th Cir. 2015).

*Onunwor v. Moore*, 655 F. App'x 369, 375 (6th Cir. 2016). Accordingly, this Court's determination regarding whether Petitioner could have meaningfully presented his claim of ineffective assistance of trial counsel based on his attorney's failure to call defense witnesses on direct appeal will not assist Petitioner in establishing cause for this procedural default.

Moreover, the trial transcript indicates that, immediately prior to trial, defense counsel stated that he had advised Petitioner to accept the prosecution's plea offer, but Petitioner wanted to go to trial. (ECF No. 4-1, PAGEID # 422-24). Defense counsel stated that he had interviewed

3

Petitioner's potential defense witnesses but that he would not be calling them to testify for the defense. (PAGEID # 424.) Thus, the record reflects that Petitioner proceeded to trial despite being informed that his attorney did not intend to present any defense witnesses. The record therefore refutes Petitioner's allegations now that, had he known that his attorney would not be calling defense witnesses, he would not have proceeded to trial, but would have entered a guilty plea.

In view of the foregoing, Petitioner's Objections (ECF Nos. 37, 40) are **OVERRULED**. The Report and Recommendation and the Supplemental Report and Recommendation (ECF Nos. 36, 39) are **ADOPTED** and **AFFIRMED**. The Motion to Amend (ECF No. 33) is **GRANTED** to the extent that this Court's May 29, 2019, Opinion and Order will be amended to include a finding that Petitioner had a meaningful opportunity to raise his ineffective assistance of trial counsel claim on direct appeal and that Ohio law required him to do so.

**IT IS SO ORDERED.**

                                            9-30-2019
                                 EDMUND A. SARGUS, JR.
                                 UNITED STATES DISTRICT JUDGE